## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **v.** | § | **NO. 4:24-CR-00027-SDJ-BD** |
| | § | |
| **KEVIN SHELTON (1)** | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Kevin Shelton moved to reopen the matter of his pretrial detention. Dkt. 143. The government filed a response in opposition, Dkt. 144, to which Shelton offered no reply. The motion will be denied.

### I.

Shelton was indicted for alleged violations of 21 U.S.C. § 846, conspiracy to possess with intent to manufacture and distribute a controlled substance, and 18 U.S.C. § 1956(h), conspiracy to commit money laundering. Dkt. 20. He was arrested and released on conditions. Docket and Minute Entries for Feb. 29, 2024; Minute Entry for Mar. 6, 2024.

Months later, Shelton was arrested again—this time on a petition alleging that he violated several conditions of his pretrial-release order. Dkts. 135 (sealed), 142. At his initial appearance on that petition, he declined to contest the petition's allegations and waived his right to a detention hearing. Dkts. 140, 141. A couple of weeks after that, he filed the motion at issue here. Dkt. 143.

### II.

As is typical, the court's order on the petition for revocation of Shelton's pretrial release stated that Shelton was "detained pending trial without prejudice to re-raising the issue of pretrial detention at any time." Dkt. 141. The right to reopen a pretrial-detention determination is, however, qualified by statute. Before that right may be invoked, the court must "find[] that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the

appearance of [the movant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(f)(2)(B).

If the movant's evidence is not newly discovered, was not previously unavailable, or is not material, the court should deny the motion to reopen the question of detention. *United States v. Stanford*, 341 F. App'x 979, 984 (5th Cir. 2009) ("*Stanford I*"); *United States v. Hare*, 873 F.2d 796, 799 (5th Cir. 1989). "Courts interpreting . . . § 3142(f) require 'truly changed circumstances, something unexpected, or a significant event,' and [they] have interpreted the requirements of this provision strictly," such that a "defendant cannot re-open detention to present evidence that he could have investigated before the detention hearing." *United States v. Jacob*, No. CR 21-31, 2023 WL 2867324, at *5 (E.D. La. Apr. 10, 2023) (citations omitted). Section "3142(f)'s 'not known to the movant at the time of the hearing' language [means] not just actual knowledge, but also constructive knowledge, i.e., knowledge that one using reasonable care or diligence should have." *United States v. Munguia*, No. 3:19-cr-191-B (03), 2020 WL 1471741, at *3 (N.D. Tex. Mar. 26, 2020) (quotation marks omitted). The existence of friends or family members willing to testify in support of a defendant's release does not constitute new information within the meaning of the statute, *see, e.g.*, *United States v. Stanford*, 367 F. App'x 507, 510–11 (5th Cir. 2010) ("*Stanford II*"); *Stanford I*, 341 F. App'x at 984; *United States v. Bennett*, 46 F.3d 1132, 1132 (6th Cir. 1995); *United States v. Dillon*, 938 F.2d 1412, 1415–16 (1st Cir. 1991); *Hare*, 873 F.2d at 799, and a party cannot be "less than diligent in bringing forth all material evidence the first time a [detention] hearing is held," *United States v. Flores*, 856 F. Supp. 1400, 1406 (E.D. Cal. 1994).

As to whether evidence has "material bearing," 18 U.S.C. § 3142(f)(2)(B), the new evidence "must relate in some significant or essential way to the decision whether to detain." *United States v. Worrell*, No. 1:21-cr-00292-RCL, 2021 WL 2366934, at *9 (D.D.C. June 9, 2021) (emphasis removed) (citing *United States v. Cisneros*, 328 F.3d 610, 614 (10th Cir. 2003)). "[T]he purpose of [18 U.S.C. § 3142(f)(2)(B)] . . . is to allow parties to present unknown information that increases the chances the defendant appears for [his or her] criminal hearing[] or decrease[s] the danger the

defendant poses to an individual or the community as a whole." *United States v. Martin*, No. 13-00466 JSW (KAW), 2015 WL 1738362, at *2 (N.D. Cal. Apr. 13, 2015).

## III.

In his motion, Shelton asserts that, since his initial appearance, he and his attorney "have had enough time to adequately prepare for the revocation hearing, and [he] has located a suitable third-party custodian to serve as his pretrial release custodian." Dkt. 143 at 1. The motion neither attaches nor describes any evidence. It does not cite 18 U.S.C. § 3142(f)(2)(B) or any case law interpreting that provision. It just makes the conclusory assertion that Shelton "does not pose a risk or threat to the community if [he] is released from pretrial detention." *Id.* And it appears to have been filed before Shelton's counsel discussed with counsel for the government the request to revisit the matter of detention. *See id.* at 3.

In its response, the government first quotes the relevant statutory language. Dkt. 144 at 1. It then asserts that "[n]othing in [Shelton's] motion suggests that the information to be presented at the hearing was unavailable or unknown to [Shelton] at the time he waived detention." *Id.*

If Shelton had filed a reply explaining that the "suitable third-party custodian" that his motion vaguely identified, Dkt. 143 at 1, could not have been identified sooner, maybe his motion would have stood some chance of success. But even in that hypothetical, Shelton's prospects would have been dim under the statutory language and case law interpreting it. *See supra* Part II. That he declined to file a reply suggests an understanding that he cannot meet the applicable standard. In any event, his motion is insufficient to establish an entitlement to relief.

## CONCLUSION

It is **ORDERED** that Shelton's motion to reopen the matter of his pretrial detention, Dkt. 143, is **DENIED**. Shelton will remain in the custody of the United States Marshal pending further proceedings.

So **ORDERED** and **SIGNED** this 18th day of November, 2024.

_____
Bill Davis
United States Magistrate Judge